UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SCOTT STEPHAN, Individually and on Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>CREDENCE RESOURCE MANAGEMENT, LLC,<br><br>        Defendant. | Case No.: 14-cv-1574<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, Chapters 421-427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Scott Stephan is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, namely a cable service debt.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that Plaintiff engaged in a consumer transaction.

6.  Defendant Credence Resource Management, LLC ("Credence") is a foreign limited liability company with its principal place of business located at 6045 Atlantic Boulevard, Suite 410, Norcross, GA 30071.

7.  Credence is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8.  Credence is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Credence is a debt collector as defined in 15 U.S.C. § 1692a and § 427.103(3), Wis. Stats.

**FACTS**

9.  Plaintiff entered into a consumer credit transaction or consumer transaction with AT&T U-Verse, or an affiliate or predecessor corporation. Such consumer credit transaction was for services, and involved agreements to render services and defer payment. Such agreements are governed by the WCA.

10. On or about August 14, 2014, Credence mailed a debt collection letter to Plaintiff regarding a debt allegedly owed to "AT&T Uverse." A copy of this letter is attached to this complaint as Exhibit A.

11. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

12. Exhibit A lists interest of $0.00.

13. Although the amount of "interest" in Exhibit A is $0.00, the letter implies that there could be interest added to the debt in future letters. *See, eg. Tylke v. Diversified Adjustment Serv.*, No. 14-cv-748; 2014 U.S. Dist. LEXIS 153281, *7 (E.D. Wis. Oct. 28, 2014) ("the inclusion of a collection fee, even one showing a balance of zero, could imply the future possibility of one.").

14. The unsophisticated consumer interprets references to interest or fees in collection letters, even when the amount is $0.00, as representations that the debt collector has a right to add interest or fees to the alleged debt, and that interest or fees will be sought in future letters.

15. Upon information and belief, Defendant has no legal basis to add interest to the Plaintiff's and Class Members' alleged debts.

16. Upon information and belief, the standard AT&T U-Verse service contract does not include a provision creating a right for AT&T to charge interest to customers, and thus, also does not specify any rate of interest.

17. Exhibit A falsely states that Credence has a right to collect interest on consumers' alleged U-Verse debts.

18. Upon information and belief, Exhibit A is threatening to collect prejudgment interest, despite the fact that no legal action has been initiated against the consumer.

19. A debt collector cannot collect prejudgment interest when that interest has not been awarded by a court or agreed to by contract. *Paige v. Waukesha Health Sys.*, No. 12-cv-601-CNC; 2013 U.S. Dist. LEXIS 96962, *18-20 ("Wisconsin cases suggest, as the Paiges argue, that absent a contractual agreement prejudgment interest cannot be automatically added by a creditor but instead must await a court judgment;"), *citing Estreen v. Bluhm*, 79 Wis. 2d 142, 156, 255 N.W.2d 473, 482 (1977) *Erickson by Wightman v. Gundersen*, 183 Wis. 2d 106, 123, n.8, 515 N.W.2d 293, 301, n.8 (Ct. App. 1994).; *Beacon Bowl, Inc. v. Wis. Elec. Power Co.*, 176 Wis. 2d 740, 776-77, 501 N.W.2d 788, 802-03 (1993); *see also Veach v. Sheeks*, 316 F.3d 690, 692 (7th Cir. 2003).

20. The alleged debt in Exhibit A has not been reduced to judgment, and Plaintiff has never been sued to collect this alleged debt.

21. Plaintiff has never agreed to a contractual amount or rate of interest with the alleged creditor or the Defendant.

22. The FDCPA generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

23. The FDCPA also specifically prohibits: "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

24. Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

## **COUNT I -- FDCPA**

25. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

26. Exhibit A's threat that interest may accrue in the future when it is not, and cannot accrue until after the alleged debt is reduced to judgment, is an unfair and/or unconscionable method by which to try and collect an alleged debt.

27. As this statement is threatening and/or confusing to the unsophisticated consumer recipient so as to falsely imply that the consumer is already adjudged to be liable for, and the creditor may be entitled to receive, interest, in the future, they are an unfair and/or unconscionable method for attempting to collect a debt.

28. Exhibit A also falsely represents that Defendants are lawfully entitled to collect interest.

29. Upon information and belief Exhibit A is attempting to collect prejudgment interest despite the fact that no legal action has been initiated against the consumer and the

4

contract between Plaintiff and AT&T U-Verse did not include a liquidated damages provision or a contractual rate of interest.

30. Exhibit A creates a false impression as to its authorization or approval for collecting interest.

31. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. 15 U.S.C. § 1692e(2) specifically prohibits the "false representation of the character, amount, or legal status" of an alleged debt, or the "false representation of…compensation which may be lawfully received by any debt collector for the collection" of an alleged debt.

33. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action that cannot legally be taken or that is not intended to be taken."

34. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

35. Defendant violated 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), and 1692e(10).

## COUNT II – WCA

36. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

37. Exhibit A claims, attempt, or threaten to enforce a right to "Interest" even though Defendant knew, or should have had reason to know, that no such right existed at the time the letter was sent.

5

38.     Wis. Stat. § 427.104(1)(j) specifically prohibits a debt collector from "[c]laim[ing], or attempt[ing] or threaten[ing] to enforce a right with knowledge or reason to know that the right does not exist."

39.     Defendant violated Wis. Stat. § 427.104(1)(j).

**CLASS ALLEGATIONS**

40.     Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Credence and/or USAM claiming interest, (c) for AT&T U-Verse service obtained for personal, family or household purposes, (d) and where the alleged debt had not been reduced to judgment (e) on or after December 18, 2013, (f) that was not returned by the postal service.

41.     The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

42.     There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA and the WCA.

43.     Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

44.     Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

45.     A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

**JURY DEMAND**

46.     Plaintiff hereby demands a trial by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: December 18, 2014

                         **ADEMI & O'REILLY, LLP**

            By:   /S/ John D. Blythin
                   Shpetim Ademi (SBN 1026973)
                   John D. Blythin (SBN 1046105)
                   Mark A. Eldridge (SBN 1089944)
                   3620 East Layton Avenue
                   Cudahy, WI 53110
                   (414) 482-8000
                   (414) 482-8001 (fax)
                   sademi@ademilaw.com
                   jblythin@ademilaw.com
                   meldridge@ademilaw.com